IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10486
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENSON STOVALL,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(4:99-CR-175-1-P)
--------------------
March 26, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Brenson Stovall was convicted of four counts of robbery under 18 U.S.C. § 1951(a) & (b), four counts of using and carrying a firearm during the robberies, and four counts of brandishing a firearm during the robberies. Stovall argues that (1) his post-arrest statements to a federal agent were involuntary in violation of <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), (2) the government failed to prove jurisdiction and venue, (3) the government failed to prove the losses associated with the robberies

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as alleged in the indictment, and (4) the verdict of not guilty for one of the robbery counts was inconsistent with the guilty verdict on the other counts.

None of Stovall's arguments have merit. Stovall voluntarily and knowingly waived his rights before talking to federal agents. See Colorado v. Spring, 479 U.S. 564, 577 (1987); Barnes v. Johnson, 160 F.3d 218, 223 (5th Cir. 1998). There was sufficient evidence establishing venue and territorial jurisdiction. See United States v. White, 611 F.2d 531, 536 (5th Cir. 1980); United States v. Turner, 586 F.2d 395, 397 (5th Cir. 1978). There was trial evidence proving the losses as alleged in the indictment. The verdict was not inconsistent, and, even if it were, that would not warrant reversal. United States v. Straach, 987 F.2d 232, 240-41 (5th Cir. 1993).

AFFIRMED.